UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 19-145-DLB-CJS

NOVOLEX HOLDINGS, LLC, et al.                                                   PLAINTIFFS

v.                                                  **ORDER**

JOHN WURZBURGER                                                                   DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiffs' Consent Motion to File Plaintiffs' First Amended Complaint Under Seal. (R. 27). As grounds to seal the First Amended Complaint, Plaintiffs state that "the allegations [therein] contain specific, sensitive and personal information regarding Defendant, John Wurzburger, his financial information, and personal communications" and assert that sealing is appropriate because the parties in the case have agreed to the filing of the First Amended Complaint under seal. Upon consideration, the Consent Motion (R. 27) will be denied for the reasons below.

There is a presumption in favor of public access to court filings. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (noting presumption in favor of access to court records when party seeks to seal them). It is Plaintiffs' burden, "a heavy one" at that, to overcome this presumption—only the most compelling reasons will do. *Id.* And this Court must make specific findings and conclusions to seal the First Amended Complaint; it does not matter that the other parties agree to the sealing of the First Amended Complaint.[1] *Id.* at

---

[1] Plaintiffs reference Local Civil Rule 5.7(c) in the Consent Motion, but there is no Local Civil Rule 5.7(c). Plaintiffs undoubtedly meant to cite Local Rule 5.6(c), which governs motions to seal, and which also counters Plaintiffs' assertion that an agreement of the parties is sufficient justification to seal a

306. With this standard in mind, Plaintiffs have failed to adequately explain any basis for the Court to seal the First Amended Complaint.

Interests of privacy do sometimes warrant a ruling that information should be sealed. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) ("Thus, trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know."). However, it is not enough for Plaintiffs to ambiguously reference Defendant Wurzburger's "sensitive and personal information . . . financial information, and personal communications" to warrant sealing. (R. 27, Page ID 543). Rather, Plaintiffs must point to specific confidential information and explain why that information should be sealed. *See Shane Grp., Inc.*, 825 F.3d at 305-06 ("The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'") (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Here, Plaintiffs point to no specific "sensitive and personal information," no "financial information," and no "personal communications" in the First Amended Complaint and offer no developed explanation nor legal citation as to any particular piece of information. Such failure mandates denial of the request to seal.[2] *See Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743, 746 (E.D. Mich. 2001) (declining to seal where "[d]efendant fail[ed] to make any particularized showing [in support of sealing] with respect to any one document").

---

document. LR 5.6(c) ("The motion must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure. *Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof warrants filing under seal.*") (emphasis added).

[2] Review of the First Amended Complaint currently filed under seal (R. 28) reveals that it does contain allegations against Defendant Wurzburger that might be deemed embarrassing. However, this is not a basis to seal the First Amended Complaint. *See United States v. Nallani*, No. 11-CR-20365, 2016 WL 4138227, at *4 (E.D. Mich. Aug. 3, 2016) ("Courts around the country have rejected a moving-defendant's embarrassment and preference for privacy as a basis for sealing.") (collecting cases).

Accordingly, **IT IS ORDERED** as follows:

1) Plaintiffs' Consent Motion to File Plaintiffs' First Amended Complaint Under Seal (R. 27) is hereby **denied.**

2) The First Amended Complaint (R. 28) shall remain **SEALED** pending the 14-day period provided by Federal Rule of Civil Procedure 72(a) for the parties to "serve and file objections to [this Order.]" If objections are filed, the First Amended Complaint shall remain SEALED until further court order. If no objections are filed within the 14-day deadline, the same being **February 2, 2021,** the Plaintiffs' First Amended Complaint (R. 28) shall be UNSEALED by the Clerk on **February 3, 2021.**

Dated this 19th day of January 2021.

Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil cov\2019\19-145-DLB order denyg consent mts 1st am complt.docx